NOT FOR PUBLICATION

# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

| | |
|---|---|
| AVATAA USA, LLC,<br><br>    Plaintiff,<br><br>v.<br><br>FEODOR YAMINSKY, et al.,<br><br>    Defendant. | Civil Action No. 24-6314 (ZNQ)<br><br>MEMORANDUM OPINION |

**BONGIOVANNI, United States Magistrate Judge**

    This matter comes before the Court upon Plaintiff Avataa USA, LLC's ("AUSA") motion seeking leave pursuant to Federal Rule of Civil Procedure ("Rule") 15(a) to amend its Complaint against Defendants Fedor Yaminsky ("Yaminsky"), Dmitry Skripnik ("Skripnik"), David Wilkinson ("Wilkinson"), Start Innovations, S.A. ("Start"), HQ Avataa S.L. ("HQ"), Avataa UAE ("UAE"), and Verdant Advisors, LLC ("Verdant") (collectively, "Defendants") in order to provide context to its claims being brought under the Defend Trade Secrets Act (the "DTSA") and the New Jersey Trade Secrets Act (the "NJTSA") and to add a claim for breach of fiduciary duty and duty of loyalty against Yaminsky and Skripnik. (Docket Entry No. 36). Defendants Yaminsky, HQ, and UAE (collectively, the Yaminsky Defendants) have opposed AUSA's motion on futility grounds; so too have Defendants Wilkinson and Verdant (collectively, the "Verdant Defendants"). The Court has fully reviewed and considered all arguments raised in favor of and in opposition to AUSA's motion. The Court considers AUSA's motion without oral argument pursuant to L.Civ.R. 78.1(b). For the reasons set forth more fully below, AUSA's motion seeking leave to amend its Complaint is GRANTED.

I.  **Background and Procedural History**

As noted by the District Court in its Opinion on the Yaminksy and Verdant Defendants' earlier filed motions to dismiss, "[t]he factual background" of this matter "is complicated[.]" Op. of 03/24/2025 at 2; Docket Entry No. 34. Nevertheless, it is now well known both to the parties and the Court. As such, it is not restated herein. Instead, the Court references the comprehensive recitation of the factual background provided by the District Court in its Opinion on the above-referenced motions to dismiss (*see id*. at 2-6) and focuses on the procedural history relevant to the instant motion to amend.

In its Opinion on the Yaminsky and Verdant Defendants' motions to dismiss, the District Court addressed the viability of AUSA's original claims. In the first instance, the District Court determined that jurisdictional discovery was warranted regarding whether there is personal jurisdiction as to Yaminsky and HQ. As a result, it gave the parties an opportunity to complete same.

Since there was no question that personal jurisdiction exists as to UAE, the District Court substantively addressed AUSA's claims as to UAE. In this regard, the District Court determined that AUSA failed to allege it took reasonable measures to keep the secrets safe and, likewise, failed to allege that its purported trade secrets had independent economic value. *See id.* at 18, 20. As a result, the District Court dismissed Count 1, AUSA's misappropriation of trade secrets in violation of the DTSA claim, and Count 4, AUSA's conspiracy claim, against UAE without prejudice. *Id*. at 20. The District Court also declined to exercise supplemental jurisdiction over AUSA's state law claims against UAE, *i.e.*, Count 2, AUSA's misappropriation of trade secrets in violation of the NJTSA claim, and Count 5, AUSA's breach of contract claim, also dismissing said claims without prejudice. *See id*. at 21.

Further, the Court found that AUSA's claims against the Verdant Defendants, *i.e.*, Count 3, aiding and abetting the misappropriation of trade secrets, and Count 4, conspiracy, failed for the same reasons as Counts 1 and 4 against UAE. As a result, the District Court, likewise, dismissed them without prejudice. *See id*. at 22-23.

Nevertheless, given that the dismissals were all without prejudice and that it had permitted AUSA to engage in jurisdictional discovery, the District Court also specifically gave AUSA permission to "file an Amended Complaint within **thirty (30) days** of the close of jurisdictional discovery, limited to addressing the deficiencies identified in the accompanying Opinion[.]" Order of 03/24/2025 at 2; Docket Entry No. 35. Because AUSA not only seeks to amend its Complaint to bring additional context to its misappropriation of trade secrets and related claims, but also seeks to assert a new claim against Yaminsky and Skripnik for breach of fiduciary duty and duty of loyalty, which was not originally asserted in its Complaint, AUSA filed the instant motion to amend, rather than simply filing an Amended Complaint outright.

Both the Yaminsky Defendants and Verdant Defendnats oppose AUSA's request to amend on futility grounds. The Yaminsky Defendants argue that AUSA's motion should be denied because AUSA's breach of fiduciary duty claim is duplicative of AUSA's misappropriation of trade secrets claims and breach of contract claim and because AUSA fails to adequately plead the elements of a breach of fiduciary duty claim. Further the Yaminsky Defendants argue that the motion should be denied as futile because it fails to comport with Rule 12(b)(7) in that AUSA has failed to join a necessary party, TecTwin GmbH ("TecTwin"), pursuant to Rule 19(a)(1), despite joinder being feasible.[1] In addition, while the Yaminsky Defendants do not formerly brief the issue, in a footnote,

---

[1] Yaminsky and HQ no longer challenge personal jurisdiction. As a result, this issue is not discussed herein.

3

they maintain that AUSA's proposed amendments also fail to cure the deficiencies outlined by the District Court in its Opinion dismissing AUSA's misappropriation of trade secrets and related claims. (Yaminsky Def. Opp. Br. at 14-15, n. 4; Docket Entry No. 41).

Like the Yaminksy Defendants, the Verdant Defendants also argue that AUSA's motion should be denied because TecTwin is a necessary and indispensable party under Rule 19. However, unlike the Yaminsky Defendants, the Verdant Defendants claim it is not feasible to join TecTwin under Rule 19(a). Further, the Verdant Defendnats also reserve their right to challenge the allegations set forth in AUSA's proposed Amended Complaint by way of a motion to dismiss pursuant to Rule 12(b)(6) or on any other ground should leave to amend be granted. (Verdant Def. Opp. Br. at 11, n. 5; Docket Entry No. 42).[2]

## II.   Analysis

Under Rule 15(a)(2), "[t]he court should freely give leave [to amend] when justice so requires." *See Foman v. Davis,* 371 U.S. 178, 182 (1962); *Alvin v. Suzuki*, 227 F.3d 107, 121 (3d Cir. 2000). The Third Circuit has shown a strong liberality in allowing amendment, favoring decisions on the merits rather than on procedural technicalities. *Boileau v. Bethlehem Steel Corp.*, 730 F.2d 929, 938 (3rd Cir. 1984); *see Cureton v. National Collegiate Athletic Ass'n*, 252 F.3d 267, 273 (3rd Cir 2001) (citing *Adams v. Gould Inc.*, 739 F.2d 858, 868 (3d Cir. 1984)). Although the decision to grant or deny leave to amend is within the discretion of the Court, that discretion must be exercised consistent with the liberal standard embodied in Rule 15(a)(2). *Berkshire Fashions, Inc. v. M.V. Hakusan II*, 954 F.2d 874, 886 (3d Cir. 1992); *see Rutter v. Rivera*, 74 F. App'x 182, 186 (3d Cir. 2003). Thus, leave to amend under Rule 15(a) should be granted in the absence of

---

[2] While Plaintiff suggests that, if leave to amend is granted, the Yaminsky Defendants and Verdant Defendants should be precluded from filing motions to dismiss in response to same, Plaintiff cites no law to support this position.

4

undue delay or bad faith by the movant, prejudice to the movant, or futility of amendment. *Long v. Wilson*, 393 F.3d 390, 400 (3d Cir. 2004).

Here, the Yaminsky and Verdant Defendants focus their respective oppositions on the alleged futility of AUSA's proposed amendments. A court may deny a motion for leave to amend where the proposed amendment would be futile. *U.S. ex rel. Schumann v. AstraZeneca Pharms. L.P.*, 769 F.3d 837, 849 (3d Cir. 2014). An amendment is considered futile if the amended complaint would fail to state a claim upon which relief could be granted. *Travelers Indem. Co v. Dammann & Co.*, 594 F.3d 238, 243 (3d Cir 2010). "[F]utility is implicated when the amendment fails to cure a deficiency in the original complaint or fails to state a claim on which relief can be granted." *K.K-M v. New Jersey Dep't of Educ.*, No. CV1711579RBKKMW, 2020 WL 6817506, at *7 (D.N.J. Nov. 20, 2020) (citing *Jablonski v. Pan American World Airways*, Inc., 863 F.2d 289, 292 (3rd Cir.1988)). The futility of an amended complaint is governed by the same standards of legal sufficiency as a motion to dismiss under Rule 12(b)(6). *Id*.

To determine if a complaint would survive a motion to dismiss under Rule 12(b)(6), the Court must accept as true all the facts alleged in the pleading, draw all reasonable inferences in favor of the plaintiff, and determine if "under any reasonable reading of the complaint, the plaintiff may be entitled to relief." *Phillips v. County of Allegheny*, 515 F.3d 224, 233 (3d Cir. 2008). "[D]ismissal is appropriate only if, accepting all of the facts alleged in the [pleading] as true, the p[arty] has failed to plead 'enough facts to state a claim to relief that is plausible on its face.'" *Duran v. Equifirst Corp.*, Civil Action No. 2:09-cv-03856, 2010 WL 918444, *2 (D.N.J. March 12, 2010) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Put simply, the alleged facts must be sufficient to "allow[] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The focus is not

on "'whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims.'" *Bell Atl. Corp.*, 550 U.S. at 563 n.8 (quoting *Scheuer v. Rhoades*, 416 U.S. 232, 236 (1974)). Importantly, unless a proposed amendment is "clearly futile . . . denial of leave to amend is improper." *Morton Intern., Inc. v. A. E. Staley Mfg. Co.*, 106 F.Supp.2d 737, 745 (D.N.J. 2000). Further, in assessing a motion to dismiss, while the Court must view the factual allegations contained in the pleading at issue as true, the Court is "not compelled to accept unwarranted inferences, unsupported conclusions or legal conclusions disguised as factual allegations." *Baraka v. McGreevey*, 481 F.3d 187, 211 (3d Cir. 2007).

The burden of establishing futility is on the party opposing the amendment. *Pharm. Sales & Consulting Corp. v. J.W.S Delavau Co.*, 106 F. Supp. 2d 761, 764 (D.N.J. 2000). "If a proposed amendment is not clearly futile, the denial of leave to amend is improper." *Harrison Beverage Co. v. Dribeck Imps., Inc.*, 133 F.R.D. 463, 468-69 (D.N.J. 1990). "This standard does not necessitate that parties undertake substantive motion practice concerning the proposed claim or defense." *Id*. "Instead, it requires only that the claim or defense have an adequate basis in fact or law, not being frivolous." *Id*.

Here, as noted above, AUSA has permission from the District Court to amend its Complaint to address the deficiencies identified in the District Court's Opinion, dismissing without prejudice AUSA's misappropriation of trade secrets and related claims. As such, the only reason AUSA filed the instant motion is because it sought to add a claim for breach of fiduciary duty and duty of loyalty against Yaminsky and Skripnik, in addition to adding allegations to provide the requisite additional context needed for its misappropriation of trade secrets and related claims. Indeed, but for the addition of the claim for breach of fiduciary duty and duty of loyalty against Yaminsky and Skripnik, motion practice would be unnecessary. As further noted above, the Yaminsky and

6

Verdant Defendants have focused their opposition on the alleged futility of AUSA's proposed amendments.

Under these circumstances, the Court follows the approach taken in *Colombo v. Bd. of Educ. for the Clifton Sch. Dist.*, Civil Action No. 11-0785 (CCC), 2016 WL 6403081, at *2 (D.N.J. Oct. 27, 2016). As stated in *Colombo*:

> Based on the nature of the futility analysis, Defendants' arguments in opposition to the motion to amend would overlap significantly with the arguments made in support of a motion to dismiss. The Court, in its discretion, will not consider these arguments in connection with its review of the motion for leave to amend. In the interests of judicial economy and in the absence of undue prejudice, the Court may decline to engage in a detailed futility analysis where the Court finds that these arguments are better suited for consideration in the context of a motion to dismiss.

*Id.* (citations omitted). Accordingly, the Court grants AUSA's motion to amend its Complaint. The Yaminsky and Verdant Defendants may answer, move, or otherwise respond to same as permitted by the Federal Rules of Civil Procedure.

### III.  Conclusion

For the reasons set forth above, AUSA's motion seeking leave to amend its Complaint is GRANTED. An appropriate Order follows.

Dated: January 29, 2026

> s/ Tonianne J. Bongiovanni
> **HONORABLE TONIANNE J. BONGIOVANNI**
> **UNITED STATES MAGISTRATE JUDGE**